UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

AUG 2 9 2000

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

WILLIAM T. GILBERT, III,            )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   No. 4:95CV1180 CDP
                                    )
MONSANTO COMPANY,                   )
                                    )
        Defendant.                  )

### MEMORANDUM AND ORDER

This matter is before the Court on Monsanto's motion for protective order and for sanctions. On June 20, 2000, the Eighth Circuit Court of Appeals remanded this case for an award of attorneys' fees to Gilbert. Gilbert accordingly filed a motion for attorneys' fees on July 18, 2000. Monsanto objected to Gilbert's fee request, arguing that the claimed hours were grossly excessive and unreasonable and that the claimed rates were inflated. Gilbert then served Monsanto with a notice of deposition and request for production of documents on July 28, 2000, and filed his reply brief in support of his fee request on July 31, 2000.

Gilbert seeks to discover, by Rule 30(b)(6) deposition of Monsanto, the following information about Monsanto's lawyers and legal assistants: 1) their names and business addresses; 2) the date of each attorney's graduation from law school; 3) the date of each attorney's admission to the Missouri bar; 4) the date of each attorney's admission to this Court; 5) area of specialty, if any; 6) a description of each attorney's experience in cases involving

employment discrimination; 7) the attorney's (or paralegal's) present regular hourly rate; 8) the attorney's (or paralegal's) regular hourly rate as of January 1, 1997 and 1998; 9) the attorney's (or paralegal's) hourly rate for services in this matter; 10) the total amount of hours each attorney and paralegal spent on this matter; 11) the total amount billed for the time expended on this matter, the date of the last bill, the last inclusive date of the last bill and the custodian of such bills; and 12) a description of expenses charged to Monsanto in this matter. Gilbert also requested that Monsanto produce copies of all fee statements submitted by its lawyers in connection with this case.

Monsanto now moves to quash the deposition notice and request for production of documents on the following grounds: 1) discovery in this case is closed and Gilbert did not seek leave of Court to conduct discovery; 2) discovery is not necessary because Gilbert has already filed his fee request; 3) the requested discovery is irrelevant under Eighth Circuit caselaw; and 4) the request for production of documents is not in compliance with Rule 30(b)(5) of the Federal Rules of Civil Procedure. Monsanto also moves for sanctions against Gilbert for requesting discovery.

Having carefully reviewed the parties' submissions, I will deny the motion to quash in large part, but will grant some parts of it. To the extent Monsanto objects to any discovery on the

-2-

ground that discovery is closed, I will overrule that objection and grant Gilbert leave to conduct discovery in accordance with the parameters set forth below.

Contrary to Monsanto's arguments, I do find that most of the requested information is relevant to Gilbert's fee request. Monsanto has accused Gilbert's attorneys of expending unreasonable amounts of time and billing at unreasonably high rates, so I believe that Gilbert is entitled to discover the amount of time spent and rates charged by Monsanto's lawyers to respond to these objections. This information is also relevant for the Court's consideration of reasonableness. For example, Monsanto has said that certain charges are not normally charged to clients in the private sector. Gilbert is entitled to obtain the records to see if Monsanto's counsel made similar charges to its client here. Similarly, where Monsanto claims there was overstaffing or too much time spent on a particular motion or matter, viewing the amount of time Monsanto's attorneys billed for the same types of activities is relevant to the arguments.

This comparison is not precluded by the Eighth Circuit's recent decision in <u>Burks v. Siemens Energy & Automation, Inc.</u>, 215 F.3d 880 (8th Cir. 2000). In <u>Burks</u>, the Eighth Circuit stated that the trial court should not simply compare a prevailing plaintiff's fees with the defendant's fees to determine whether the plaintiff's fee award is appropriate. <u>Id.</u> at 884. <u>Burks</u> does not suggest,

however, that a defendant's fee information cannot be reviewed by the trial court as one relevant factor in its determination of the reasonableness of a prevailing plaintiff's fee. I have frequently found such review to be very helpful when there are claims of inefficiency, overstaffing, or excessive hourly rates, as there are here, and I have routinely ordered the type of production sought by Gilbert here.

I do not believe that Gilbert is entitled to descriptions of Monsanto's attorneys' past experience in employment cases or their specialties, so I will grant the motion to quash to that extent. I also believe that most of the requested information can be obtained from the fee statements without a deposition. Therefore, I will grant the motion to quash the deposition, but will order Monsanto to turn over the requested fee statements, which are not privileged unless they contain descriptions of legal services that reveal confidential communications. See In re Grand Jury Proceedings, 841 F.2d 230, 233 (8th Cir. 1988).[1] The fee statements should enable Gilbert to determine billing rates for 1997 and 1998, the amount of hours spent on this case and most of the other discoverable information. To the extent that Gilbert seeks information about the attorneys and paralegals that cannot be

---

[1] This order does not preclude Monsanto from protecting privileged communications through appropriate means. Monsanto is cautioned, however, that generic descriptions of legal services without any reference to underlying confidential communications are not protected from disclosure by the attorney-client privilege.

obtained from the fee statements (such as their graduation and admission dates, and when their hourly rates changed), I will order Monsanto to provide the requested information in written form, verified in the same manner as an interrogatory answer, in lieu of producing a Rule 30(b)(6) witness for deposition. Monsanto shall produce all information required by this order no later than **September 29, 2000. No additional discovery shall be permitted without leave of Court.**

Gilbert shall submit any supplemental brief in support of his motion for attorneys' fees not later than **October 20, 2000.** Monsanto shall file any supplemental brief in opposition of Gilbert's fee application by not later than **November 3, 2000. No further briefing of this issue shall be permitted without leave of Court.**

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for protective order [#89-1] is granted in part and denied in part as set forth above.

**IT IS FURTHER ORDERED** that defendant's motion for sanctions [#89-2] is denied.

                                                            /s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2000.

UNITED STATES DISTRICT COURT -- EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 08/29/00 by lwilderm
                4:95cv1180    Gilbert vs Monsanto Company

29:621 Job Discrimination (Age)

```
Ellen Cruickshank -   2906         Fax: 314-552-7140
Kenneth Heineman -   3362          Fax: 314-552-7052
David Howard -   3433              Fax: 314-454-1911
Allen Press -   30074              Fax: 314-862-1606
William Weidle -   6951            Fax: 314-821-2461
```

SCANNED & FAXED BY:

AUG 2 9 2000

C. D. D.